NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3323

STEPHEN D. FREEMAN,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  May 12, 2006

_____

Before MICHEL, <u>Chief Judge</u>, NEWMAN and RADER, <u>Circuit Judges</u>.

NEWMAN, <u>Circuit Judge</u>.

Stephen D. Freeman petitions for review of the decision of the Merit Systems Protection Board, Docket No. SF0752040604-I-1, dismissing his appeal for lack of jurisdiction.  We <u>affirm</u> the decision of the Board.

BACKGROUND

Mr. Freeman was removed from his position of Criminal Investigator in the Los Angeles office of the Office of the Inspector General of the U.S. Postal Service for leaving a threatening message on his supervisor's voicemail. He disagreed with the agency's assessment that the message represented a threat and argued that even if it did, mitigating circumstances such as his depression and recent divorce mandated a less severe action than removal.

When Mr. Freeman attempted to appeal to the Board, the government moved for dismissal for lack of jurisdiction. The government argued that, as a non-preference eligible employee of the Postal Service, Mr. Freeman could appeal to the Board only if he were a supervisory or management employee, and he was not. Mr. Freeman argued that his duties as a criminal investigator were supervisory in nature, and that the Board therefore had jurisdiction over his removal. The Board granted the government's motion to dismiss, leading to this appeal.

DISCUSSION

The parties agree that Mr. Freeman is not a preference eligible employee. The Board's jurisdiction over Postal Service employees who are not preference eligible is limited to supervisory or management employees or those engaged in personnel work. 39 U.S.C. §1005(a)(4)(A); Waldau v. M.S.P.B., 19 F.3d 1395 (Fed. Cir. 1994). Mr. Freeman argues that his duties make him a supervisory or management employee; he does not allege that he was engaged in personnel work.

The Board defined a management employee as "one who represents management's interests by taking or recommending discretionary actions that control or implement policies

of the employer," citing <u>Strope v. U.S. Postal Service</u>, 71 M.S.P.R. 429, 436 (1996). Mr. Freeman argues that his duties are within this definition, since "the purpose of the Office of the Inspector General is to enforce and influence the policies of management." Petitioner's Informal Brief at 4. While that may be correct, the overall mission of an organization does not confer management status on every employee in that organization. Mr. Freeman, as a criminal investigator, identified no activity or authority within the scope of management as defined by the National Labor Relations Act. <u>See</u> <u>National Labor Relations Board v. Yeshiva University</u>, 444 U.S. 672, 683 (1980).

Mr. Freeman argues that he exercises discretion in his investigations and represents management interests when investigating crimes and wrongdoing within the postal system. He also argues that he is entitled to appeal to the Board because he is in fact a supervisor, although he did not raise that argument before the Board. Reviewing Mr. Freeman's description of his duties as a criminal investigator, he does not assert that he supervises other criminal investigators or anyone else in the OIG. Instead, he states that the results of his investigations frequently result in disciplinary action against other employees of the Postal Service and thus should be deemed supervisory action. However, Mr. Freeman concedes, in straightforward terms, that "Petitioner and similarly situated investigators have no independent authority to impose discipline or even suggest the level of discipline appropriate for the circumstances," Petitioner's Informal Brief at 3. As noted in <u>National Labor Relations Board v. Bell Aerospace</u>, 416 U.S. 267, 268 n.19 (1974), the employee's actual job responsibilities control whether he is "managerial." <u>See</u> <u>Bolton v. Merit Systems Protection Board</u>, 154 F.3d 1313, 1318 (Fed. Cir. 1998).

05-3323                                3

No error has been shown in the ruling that Mr. Freeman's role in gathering data and information upon which supervisory decisions will be made by others does not make him a supervisor. The Board correctly held that his position as a criminal investigator does not qualify as a management or supervisory employee of the Postal Service.

Since none of the conditions for Board jurisdiction have been met, the Board correctly dismissed his appeal for lack of jurisdiction.